**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

ROBERT CARROLL,

                Plaintiff,

- v -                               Civ. No. 1:21-CV-1197
                                                (MAD/DJS)

THE UNITED STATES OF AMERICA,

                Defendant.

**APPEARANCES:**                     **OF COUNSEL:**

ROBERT CARROLL
Plaintiff *Pro Se*
P.O. Box 201
Connelly, New York 12417

**DANIEL J. STEWART**
**United States Magistrate Judge**

## DECISION and ORDER

      The Clerk has sent for review a civil Complaint filed by Plaintiff Robert Carroll. Dkt. No. 1, Compl. Plaintiff has not paid the filing fee, but instead submitted a Motion to Proceed *in forma pauperis* ("IFP"). Dkt. No. 2, IFP App. By separate Order, this Court granted Plaintiff's Application to Proceed IFP. Now, in accordance with 28 U.S.C. § 1915(e), the Court will *sua sponte* review the sufficiency of the Complaint.

      Section 1915(e) of Title 28 of the United States Code directs that, when a plaintiff seeks to proceed *in forma pauperis*, "the court shall dismiss the case at any time if the court determines that . . . the action or appeal (i) is frivolous or malicious; (ii) fails to

state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). Thus, it is a court's responsibility to determine that a plaintiff may properly maintain his complaint before permitting him to proceed further with his action. Generally, a court should not dismiss a complaint if the plaintiff has stated "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

Plaintiff's Complaint is brought pursuant to the Federal Tort Claims Act ("FTCA") and alleges negligence and medical malpractice. *See generally* Compl. The FTCA has a number of prerequisites to filing suit, *see Johnson v. Smithsonian*, 189 F.3d 180, 189 (2d Cir. 1999), and claims brought pursuant to the statute are governed by a short, six-month statute of limitations. 28 U.S.C. § 2401(b). When those requirements are satisfied, the FTCA provides for a limited waiver of the sovereign immunity otherwise enjoyed by the United States. *Cooke v. United States*, 918 F.3d 77, 81 (2d Cir. 2019). Plaintiff specifically alleges that he has satisfied these requirements and timely commenced the action. Compl. at ¶¶ 3-5. Given those allegations and the liberal construction to be afforded *pro se* pleadings "the Court finds that Plaintiff's FTCA claim survives sua sponte review and requires a response." *McQueen v. United States*, 2019 WL 4221545, at *3 (N.D.N.Y. Sept. 5, 2019).

2

**ACCORDINGLY**, it is hereby

**ORDERED**, that this action survives *sua sponte* review and requires a response from Defendant; and it is further

**ORDERED**, that the Clerk shall issue a Summons and forward it along with a packet containing General Order 25, which sets forth the Civil Case Management Plan used by the Northern District of New York, along with copies of the Complaint, and this Order to the United States Marshal for service upon the Defendant; and it is further

**ORDERED**, that a response to the Complaint be filed by Defendant or Defendant's counsel as provided for in the Federal Rules of Civil Procedure subsequent to service of process on Defendant; and it is further

**ORDERED**, that the Clerk is directed to schedule a Rule 16 Conference before the assigned Magistrate Judge; and it is further

**ORDERED**, that all motions shall comply with the Local Rules of Practice of the Northern District.  In accordance with the Local Rules, Plaintiff must promptly notify the Clerk's Office and all parties or their counsel of any change in Plaintiff's address; his failure to do so will result in the dismissal of this action; and it is further

**ORDERED**, that the Clerk serve a copy of this Order upon Plaintiff in accordance with the Local Rules.

**IT IS SO ORDERED**.

Date: November 24, 2021
   Albany, New York

Daniel J. Stewart
U.S. Magistrate Judge